IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAGGIE CHASE,

                Plaintiff,

v.                                                OPINION and ORDER

MONROE COUNTY HUMAN SERVICES and           25-cv-356-jdp
VIVITROL INJECTION TEAM,

                Defendants.

---

Plaintiff Maggie Chase, proceeding without counsel, attended her scheduled appointment with defendant Monroe County Human Services to receive an injection of VIVITROL.[1] Chase alleges that defendant VIVITROL Injection Team failed to conduct a urinary analysis before injecting Chase with the drug, which was contrary to Monroe County Human Services's policy.[2] Chase alleges that the Team's failure to conduct a urinary analysis caused her to go to the Monroe County emergency room, where she was intubated and placed in a medically-induced coma.

Chase's complaint is before the court for screening. I must dismiss any portion of her complaint that is frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). I must accept the factual allegations in her complaint as true and

---

[1] I take judicial notice that VIVITROL is the brand name of naltrexone, a drug used to treat opioid use disorder and alcohol use disorder.

[2] I understand the VIVITROL Injection Team to be comprised of county employees responsible for injecting individuals with VIVITROL.

interpret her complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

ANALYSIS

Chase does not specify the type of claim she is bringing, but pro se plaintiffs are not required to plead particular legal theories. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). I will consider Chase's allegations as an inadequate medical care claim under the Fourteenth Amendment, a legal theory that might fit the facts.[3] To state an inadequate medical care claim, plaintiffs must allege facts showing that: (1) defendants acted intentionally, knowingly, or recklessly when they considered the consequences of their actions; and (2) defendants' actions were objectively unreasonable. *See McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018).

Chase's complaint does not allege facts showing that the Team acted with the requisite mental state. Chase alleges that a counselor, Amy Schoenoff, gave a nurse, Lindsey Goyette, permission to inject Chase with VIVITROL. *See* Dkt. 1, at 2–3. Then, Goyette injected Chase with the drug without first conducting a urinary analysis. *See id.* As it stands, Chase's complaint demonstrates that, at most, the Team was negligent. But negligence is insufficient to support a claim for inadequate medical care under the Fourteenth Amendment. *See McCann*, 909 F.3d at 887.

---

[3] If Chase intended to argue that the Team violated her constitutional rights by failing to follow Monroe County Human Services's policy, she would fail to state a claim for relief because 42 U.S.C. § 1983 does not protect plaintiffs from violations of departmental policies. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

I will give Chase a chance to amend her complaint to state a federal medical care claim. In her amended complaint, Chase should name Schoenoff and Goyette as defendants rather than identifying the Team as a defendant.

Chase attempts to sue Monroe County Human Services, but for Monroe County Human Services to be held liable, its policy or custom must have violated Chase's constitutional rights. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690 (1978). Chase alleges that her constitutional rights were violated because the Team *failed* to follow county policy, so Chase cannot establish a claim under a *Monell* theory of liability. Monroe County Human Services is not liable for the unconstitutional conduct of its employees. *See id.* at 691.

ORDER

IT IS ORDERED that:

1. Plaintiff Maggie Chase's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Chase may have until January 16, 2026, to submit an amended complaint that fixes the problems identified in this order.

3. Chase must file her amended complaint on the court's non-prisoner complaint form, which the court will send her with this order.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If Chase fails to comply with this order, I may dismiss the case.

6. Chase must inform the court of any new address. If she fails to do this and defendants or the court cannot locate her, this case may be dismissed.

7. The clerk is directed to send Chase copies of this order and the court's non-prisoner complaint form.

Entered December 16, 2025.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge