IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAGGIE L. CHASE,

Plaintiff,

v.

AMY SCHOENOFF and LINDSEY GOYETTE,

Defendants.

OPINION and ORDER

25-cv-356-jdp

---

Plaintiff Maggie L. Chase, proceeding without counsel, alleged that a counselor, defendant Amy Schoenoff, and a nurse, defendant Lindsey Goyette, didn't conduct a urinary analysis before injecting her with Vivitrol during her appointment with Monroe County Human Services.[1] I dismissed Chase's complaint because it failed to state a claim for relief: her complaint did not allege facts showing that Schoenoff and Goyette acted intentionally or recklessly. But I allowed Chase to amend her complaint to fix that problem.

Chase now files an amended complaint. Dkt. 5. Chase alleges that Schoenoff knew that giving Vivitrol to a person with opioids in her system could cause precipitated opioid withdrawal. She also alleges that Goyette knew that administering Vivitrol without confirming the absence of opioids posed a risk of severe medical harm. As before, these allegations demonstrate that, at most, Schoenoff and Goyette were negligent. But negligence does not violate the Fourteenth Amendment. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see Miranda v. Cnty. of Lake*, 900 F.3d 335, 354 (7th Cir. 2018). The only reasonable inference from Chase's allegations is that Schoenoff and Goyette forgot to verify that Chase's urine had

---

[1] Vivitrol is the brand name of naltrexone, which is a drug used to treat opioid use disorder and alcohol use disorder.

been tested, and the failure to exercise ordinary care does not violate the Constitution. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

Chase also alleges that Schoenoff knew that Monroe County Human Services policy required her to conduct a urinary analysis before injecting Chase with Vivitrol. *See* Dkt. 5, at 3. But departmental policy violations are not constitutional violations. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."). Chase cannot raise state-law tort claims against Schoenoff and Goyette here because this court does not have jurisdiction under 28 U.S.C. § 1332—all parties are citizens of the same state.

Chase's amended complaint still does not state a claim for relief under federal law, so I will dismiss the complaint with prejudice and will close the case.

## ORDER

IT IS ORDERED that:

1. Plaintiff Maggie L. Chase's amended complaint, Dkt. 5, is DISMISSED with prejudice for failure to state a claim for which I could grant relief.

2. The clerk of court is directed to enter judgment and close the case.

Entered June 12, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2